IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AUDREY M. D., § § Plaintiff, § § v. § § COMMISSIONER OF SOCIAL § SECURITY, § § Defendant. § | Case No. 3:21-cv-02425-B-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Audrey M. D.'s[1] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security (ECF No. 1). For the reasons explained below, the District Court should REVERSE the decision and REMAND the case to the Commissioner.

## Background

Plaintiff alleges that she is disabled due to a variety of impairments, including: (i) Parkinson's disease; (ii) chronic kidney disease; (iii) depression; (iv) syncope and pre-syncopal episodes; and (v) anxiety. Pl.'s Br. 2-3 (ECF No. 12). She was born in 1958, and she was 59 years old on her alleged disability onset date.

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018, Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Pl.'s Br. 2; Admin. R. 17 (ECF No. 9-1). Plaintiff is a high school graduate who attended some college courses and has past work experience as a collections supervisor, customer relations clerk, and data entry clerk. Admin. R. 18, 81, 111, 234; Pl.'s Br. 2.

On July 3, 2019, Plaintiff applied for a period of disability and disability insurance benefits. Admin. R. 15. After her application was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge (ALJ). Admin. R. 82, 97, 115-16. That hearing took place on January 4, 2021.[2] Admin. R. 30.

The ALJ determined that Plaintiff was not disabled and therefore not entitled to disability insurance benefits.[3] Admin. R. 14-25. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 6,

---

[2] Due to extraordinary circumstance presented by the COVID-19 pandemic, all participants attended the hearing by telephone. Admin. R. 30

[3] "In evaluating a disability claim, the [ALJ] conducts a five-step sequential analysis to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The plaintiff bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the ALJ to show that there is other substantial work in the national economy that the plaintiff can perform. *Id.* at 448; *Copeland*, 771 F.3d at 923 (citations omitted). A finding that the plaintiff is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

2018, her alleged disability onset date. Admin. R. 17. The ALJ also found that Plaintiff had multiple severe impairments, including Parkinson's disease, essential hypertension, orthostatic hypotension, recurrent syncope, and pre-syncopal episodes, as well as non-severe mental impairments which cause mild limitations in concentration, persistence, and pace and in adapting or managing oneself. Admin. R. 17-19. But the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or equals the severity of any impairment listed in appendix 1 of the social security regulations. Admin. R. 19.

The ALJ further found that Plaintiff had the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except that Plaintiff can lift/carry 10 pounds occasionally and 5 pounds frequently, can sit for 6 of 8 hours, can stand/walk for no more than 2 out of 8 hours, and can frequently handle and finger with both hands. Admin. R. 20. Plaintiff can occasionally climb ramps and stairs, but not ladders, ropes, or scaffolds; she can frequently balance, stoop, kneel, crouch, and occasionally crawl. Admin. R. 20. The ALJ noted that Plaintiff should not work at unprotected heights or around dangerous machinery, and she should not operate a motor vehicle or be exposed to certain environmental conditions. Admin. R. 20. Relying on the testimony of a vocational expert (VE), the ALJ found Plaintiff was capable of performing her past relevant work as a collections supervisor and as a customer relations clerk. Admin. R. 25. Therefore, the ALJ determined Plaintiff was not disabled. Admin. R. 25.

Plaintiff appealed the ALJ's decision to the Appeals Council. Admin. R. 9-10. The Council denied the request for review. Admin. R. 5. Plaintiff then filed this action in federal court, where she contends that the ALJ erred in finding she was not disabled. Pl.'s Br. 1. Specifically, Plaintiff argues that the ALJ erred in failing to include limitations in the RFC finding to accommodate her mental impairment and in questions to a VE and in failing to accommodate the severe nature of her Parkinson's disease. Plaintiff further argues the appointment of Andrew Saul as Commissioner of the SSA, and therefore the ALJ's authority derived from Mr. Saul, was constitutionally defective.

## Legal Standards

The Court's "review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the [ALJ] applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere scintilla and less than a preponderance.").

The ALJ, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam). Hence, the Court may not

4

substitute its own judgment for the ALJ's, and it may affirm only on the grounds that the ALJ stated to support the administrative decision. *Copeland*, 771 F.3d at 923 (citation omitted).

## Analysis

Plaintiff makes three arguments on appeal. The first—that the ALJ erred in omitting mild mental limitations in both the RFC finding and hypothetical questions to the VE—is dispositive and requires remand. Thus, the Court need not reach the remaining two arguments.

When an ALJ determines a claimant's RFC, "the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 61 Fed. Reg. 34,474, 34,477 (July 2, 1996), 1996 WL 362207; *see* 20 C.F.R. § 404.1545(a)(2). "Courts within this district have found no legal error where an ALJ does not include mental limitations in a claimant's RFC so long as the ALJ considered the limiting effects and restrictions of all impairments in the RFC analysis, even those impairments that are non-severe." *Martha L. v. Saul*, 2021 WL 3610316, at *5 (N.D. Tex. July 27, 2021). When an ALJ finds mental limitations are credible at steps two and three but does not include any discussion of them at later steps, an ALJ must explain "why [s]he omitted *any* mental limitations from the residual-functional-capacity formulation." *Castillo v. Kijakazi*, 2022 WL 1152878, at *4 (W.D. Tex. Apr. 18, 2022); *Garcia v. Colvin*, 2017 WL 920750, at *11 (S.D. Tex. Jan. 18, 2017) (noting that the ALJ considered all alleged impairments and symptoms at step four).

5

Here, the ALJ conducted a mental functioning review using the psychiatric review technique (PRT) and found that Plaintiff had no limitations in either understanding, remembering, or applying information or interacting with others. Admin. R. 18-19. However, the ALJ did find Plaintiff had mild limitations in concentrating, persisting, or maintaining pace and in adapting and managing oneself. Admin. R. 19. The ALJ determined that Plaintiff's mental limitations were non-severe. Admin. R. 19.

Plaintiff points out that, after the ALJ's PRT analysis and finding that her mental impairments are non-severe, the ALJ did not include any further discussion of or report any consideration of her limitations in later steps. Indeed, the ALJ stated that "[t]he mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment," but assessments of Plaintiff's mental impairments are notably absent from the RFC discussion. Admin. R. 19. Further, the ALJ included all of Plaintiff's physical limitations in hypotheticals posed to the VE, but she conspicuously omitted the credible mild mental limitations she found in the early steps of the sequential analysis. Admin. R. 65-68. The ALJ's failure to explain why she omitted any mental limitations from the RFC formulation or the hypothetical to the VE constitutes legal error. *See Castillo*, 2022 WL 1152878, at *4; *Martha L.*, 2021 WL 3610316, at *5.

Furthermore, the ALJ's error was not harmless and thus requires remand. The ALJ determined that Plaintiff is able to perform past work as a collections

6

supervisor and customer relations clerk, which are classified as skilled work. Admin R. 25; SSR 00-4P, 65 Fed. Reg. 75,759, 75,760 (Dec. 4, 2000), 2000 WL 1898704. Skilled labor includes work where "a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced" or may "require dealing with people, facts, or figures or abstract ideas at a high level of complexity." 20 C.F.R. § 404.1568(c). The ALJ acknowledged Plaintiff's limitations in "concentrating, persisting or maintaining pace" and "adapting or managing oneself," but neglected to analyze these limitations when determining whether Plaintiff can return to her previous skilled work. Admin. R. 19. The ALJ's RFC determination may have been different had she considered the mental impairments Plaintiff faces and this could have affected the jobs available at step five of the sequential analysis. *Gonzales v. Berryhill*, 2017 WL 3492215, at *7 (N.D. Tex. Aug. 15, 2017) (Horan, J.) (citing *Kneeland v. Berryhill*, 850 F.3d 749, 761-62 (5th Cir. 2017)). This omission makes it impossible to know "whether the ALJ adequately considered certain limitations or not." *Castillo*, 2022 WL 1152878, at *5 (citing *Gonzales*, 2017 WL 3492215, at *6). Even slight mental limitations may have affected the ability to perform past work, particularly when Plaintiff's past work involves skilled labor with high complexity. *See id.* Because the ALJ did not include these mental limitations, the ALJ's lack of substantial evidence may affect the RFC determination. *See Gonzales*, 2017 WL 3492215, at *6.

The Commissioner attempts to distinguish this case from others by asserting that mild and moderate limitations should be treated differently. Def.'s Br. 11-12. The Commissioner acknowledges that in *Brown v. Barnhart* the district court found the failure to include *moderate*—rather than mild—mental limitations in hypotheticals to a VE was reversible error. 285 F. Supp. 2d 919, 933 (S.D. Tex. June 12, 2003). The court there emphasized "[u]nless there is record evidence to adequately support the assumptions made by a [VE], the opinion expressed by the [VE] is meaningless." *Id.* at 933-34. However, the court did not distinguish between considering moderate and mild mental impairments and made no holding based on the extent of credible limitations found; instead, it focused on the requirement of "a correct account of a claimant's qualifications and restrictions." *Id.* at 933. Here too, the same correct account for Plaintiff's circumstances and credible limitations is required in the RFC analysis and in the hypotheticals posed to a VE for the ALJ's decision to be substantially justified by evidence in the record.

The Commissioner further states that the ALJ is not required to include any mild mental impairments in the RFC. The Commissioner is correct in that "the ALJ is under no obligation to *include* mental limitations in an RFC assessment simply due to the presence of 'mild' 'paragraph B' findings." Def.'s Br. 11. (emphasis added). However, the ALJ does have an obligation to *consider* credible limitations in an RFC analysis. *See Martha L.*, 2021 WL 3610316, at *5; *Castillo*, 2022 WL 1152878, at *4. Indeed, the Fifth Circuit has held that "[e]ven if an impairment is deemed 'severe' . . . this fact does not require a remand when the Secretary has

8

gone beyond the second step, as here, as not all 'severe' impairments are disabling." *Harrell v. Bowen*, 862 F.2d 471, 481 (5th Cir. 1988). But the ALJ in *Harrell* made express findings and noted the considerations that led to discounting severe impairments in the RFC analysis. *Id.* ("The ALJ found that these impairments were not 'credible to the extent alleged.'""). Here, no express findings or reasons why mental limitations found credible at step two were omitted from the RFC analysis or hypothetical questions to the VE are present in the record. Even mild mental limitations, when combined with other physical impairments, may affect Plaintiff's ability to perform past relevant work. *See Castillo*, 2022 WL 1152878, at *5 (citing SSR 96-8P, *supra*). Therefore, without these considerations in the record, the ALJ's decision is not substantially justified by the evidence and her decision should be reversed. *See Boyd v. Apfel*, 239 F.3d 698, 708 (5th Cir. 2001).

## Recommendation

For the reasons stated, the District Court should REVERSE the Commissioner's decision and REMAND this case to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions.

**SO RECOMMENDED.**

December 28, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Svcs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).